(No. 2157—

JOHN MASON, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed May 23, 1933.*

FRANK R. EAGLETON, for claimant.

OTTO KERNER, Attorney General; CARL DIETZ, Assistant Attorney General, for respondent.

Mr. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

For more than one year prior to September 16th, 1932, the claimant, John Mason, was employed as a State highway maintenance policeman by the Division of Highways, Department of Public Works and Buildings. On the last mentioned date, while in the course of his employment and in the performance of his duties, and while driving his automobile on S. B. I. Route No. 4, near Braidwood, Illinois, he sustained serious and permanent injuries as the result of a collision with another automobile which pulled out in front of him as he

attempted to pass around it. The claimant was thrown about forty (40) feet from his car and sustained fractures of his right wrist, right shoulder, left wrist, and thumb; also injuries to his right knee, and multiple rib fractures. He was confined to the hospital for eleven (11) weeks and is permanently disabled as the result of the injuries sustained. All hospital and medical attention was furnished by the respondent.

It is admitted by the Attorney General that claimant, at the time of the accident in question was engaged in an extra-hazardous employment, within the meaning of such words as used in the Compensation Act, and he is therefore entitled to compensation in accordance with the terms and provisions of such Act. His salary was One Hundred Seventy-five Dollars ($175.00) per month, and he had no children under the age of sixteen (16) years at the time of the accident.

From the evidence and stipulation on file it appears that the period of temporary total disability was twenty-one (21) weeks, and that the claimant sustained the following specific injuries, to-wit: Seventy-five per cent (75%) loss of the use of the right arm; fifty per cent (50%) loss of the use of the left hand, and ten per cent (10%) loss of the use of the right leg.

Claimant received his regular salary from the time of the accident until January 31st, 1933, to-wit, the sum of Seven Hundred Eighty-seven Dollars and Fifty Cents ($787.50), which sum must be deducted in computing the amount of his award.

Claimant is therefore entitled to compensation at the rate of Fifteen Dollars ($15.00) per week for the period of 293.75 weeks, for temporary total disability, and for specific loss as hereinbefore set forth, in accordance with the provisions of Paragraphs B and E of Section eight (8) of the Compensation Act, less the salary paid him as hereinbefore set forth; such amount to be commuted to an equivalent lump sum in accordance with the provisions of Section Nine (9) of the Compensation Act. As we compute it, the net amount due the claimant after commutation to a lump sum as aforesaid, is Thirty-three Hundred Eighty Dollars and Sixty-two Cents ($3,380.82).

It is Therefore Ordered, That the claimant be allowed the sum of Thirty-three Hundred Eighty Dollars and Sixty-two Cents ($3,380.62).